UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1344-CAS (SP) | Date | July 7, 2014 |
|---|---|---|---|
| Title | STEVIE RODNEY PAYNE v. MARTIN D. BITER, Warden | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed**

On July 1, 2014, petitioner Stevie Rodney Payne filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). Petitioner challenges the sentence he received on February 28, 2008 in San Bernardino Superior Court for his July 19, 2006 convictions in that court. In particular, petitioner challenges the Superior Court's alleged denial of certain presentence credit when it imposed the sentence.

This court having reviewed the Petition, it appears that the Petition is subject to dismissal for multiple reasons. First, the sole claim raised in the Petition does not appear to raise a cognizable claim for federal habeas relief. Second, the Petition appears to be untimely, just as petitioner's prior petition challenging the same judgment was found to be untimely. And third, even if not untimely, it appears to be barred as a second or successive petition without the requisite Court of Appeals authorization.

The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **August 5, 2014**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1344-CAS (SP) | Date | July 7, 2014 |
|---|---|---|---|
| Title | STEVIE RODNEY PAYNE v. MARTIN D. BITER, Warden | | |

## Cognizability

Petitioner's claim appears to be one of error under state sentencing law. As such, it does not appear to be cognizable in a federal habeas petition.

A state prisoner is entitled to federal habeas corpus relief only if he is held in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67-68 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Thus, absent a showing of fundamental unfairness, the Ninth Circuit has consistently held that habeas relief is unavailable for an alleged error in the interpretation or application of state sentencing laws. *See, e.g., Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) (trial court's alleged abuse of discretion in applying state sentencing law cannot form the basis for federal habeas relief); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir.1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

## AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1344-CAS (SP) | Date | July 7, 2014 |
|---|---|---|---|
| Title | STEVIE RODNEY PAYNE v. MARTIN D. BITER, Warden | | |

>   (C) the date on which the constitutional right asserted was initially
>   recognized by the Supreme Court, if the right has been newly recognized by
>   the Supreme Court and made retroactively applicable to cases on collateral
>   review; or
>   (D) the date on which the factual predicate of the claim or claims presented
>   could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the time passed for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id.* In addition, the Ninth Circuit has held that actual, factual innocence provides an exception to the AEDPA statute of limitations. *Lee v. Lampert*, 653 F.3d 929, 934-35 (9th Cir. 2011) (en banc).

In case number ED CV 12-1377-CAS (SP), petitioner filed a habeas petition in August 2012 challenging the same judgment he challenges in the instant Petition. In that case, the court found that, even with statutory tolling, the AEDPA limitations period expired on January 22, 2012. Because the same limitations period applies in this case, the instant Petition filed on July 1, 2014 appears to be untimely by more than two years.

### Second or Successive Petitions

As just noted, in case number ED CV 12-1377-CAS (SP), this court dismissed with prejudice petitioner's prior petitioner challenging the same judgment challenged in this case because the prior petition was untimely. A prior petition dismissed for failure to comply with the statute of limitations renders a subsequent petition challenging the same conviction second or successive for purposes of § 2244(b), and therefore subject to dismissal. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see* 28 U.S.C. § 2244(b).

Petitioner notes that he is currently appealing the dismissal of his prior petition in the Ninth Circuit. But even if the Ninth Circuit reverses the dismissal of the prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1344-CAS (SP) | Date | July 7, 2014 |
|---|---|---|---|
| Title | STEVIE RODNEY PAYNE v. MARTIN D. BITER, Warden | | |

petition and finds it to have been timely filed, the instant Petition would still be subject to dismissal under §§ 2244(b)(2) and (b)(3).

Under § 2244(b)(2), any claim raised in a successive petition but not presented in a prior petition must be dismissed unless:

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). If the petitioner meets either of the above exceptions, he must obtain an order by a panel of the appropriate Court of Appeals, authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, 561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

In his Petition, petitioner makes no showing that the claim he raises meets either of the exceptions in § 2244(b)(2). He cites no new rule of constitutional law, and it is apparent that the factual predicate of the claim was known at the time of his sentencing in 2008 since he contends he raised the sentencing credit issue at the sentencing hearing.

Moreover, even if petitioner's claim falls under one of the § 2244(b)(2) exceptions, the instant Petition would still be impermissibly successive because there is no indication that petitioner obtained permission from the United States Court of Appeals for the Ninth Circuit to file a successive petition, as required by § 2244(b)(3)(A). Accordingly, at a minimum, the Petition appears barred by § 2244(b)(3).

## Petitioner's Options

If petitioner contends that: (1) he has raised a cognizable claim for federal habeas relief; (2) his Petition is timely under AEDPA; and (3) his claim meets one of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1344-CAS (SP) | Date | July 7, 2014 |
|---|---|---|---|
| Title | STEVIE RODNEY PAYNE v. MARTIN D. BITER, Warden | | |

exceptions in 28 U.S.C. § 2244(b)(2), and he has obtained permission from the Ninth Circuit to file a successive petition as required by § 2244(b)(3)(A), he should clearly explain all of this in a written response to this Order to Show Cause. The written response must be filed on or before **August 5, 2014**. Petitioner should attach to his response copies of any documents supporting his contentions.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."), if they are not already. Such dismissal request must also be filed on or before **August 5, 2014**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for failure to raise a cognizable claim, as time-barred, as impermissibly successive, for failure to prosecute, and/or for failure to obey court orders.**