1

O

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11    STEVIE RODNEY PAYNE,            )    Case No. ED CV 14-1344-CAS (SP)
                                     )
12                 Petitioner,        )
                                     )
13         v.                        )    MEMORANDUM AND
                                     )    ORDER SUMMARILY
14    MARTIN D. BITER, Warden,       )    DISMISSING PETITION
                                     )
15                 Respondent.        )
                                     )
16    _____

17         On July 1, 2014, petitioner Stevie Rodney Payne, a California prisoner

18    proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State

19    Custody under 28 U.S.C. § 2254 ("Petition").  Petitioner challenges the sentence he

20    received on February 28, 2008 in San Bernardino Superior Court for his July 19,

21    2006 convictions in that court.  Pet. at 2.  In particular, petitioner challenges the

22    Superior Court's alleged denial of certain presentence credit when it imposed the

23    sentence.  Pet. at 5; Pet. Att. at 1-5.

24         This is in fact petitioner's second § 2254 petition filed in this Court

25    challenging the same judgment.  The first petition, which was filed in case number

26    ED CV 12-1377-CAS (SP), raised four claims attacking his convictions in the

27    same underlying case.  *See* Petition filed August 17, 2012 in case no. CV 12-1377.

28    In a Report and Recommendation filed January 15, 2013, the Magistrate Judge

1

recommended the petition in that case be denied and the action be dismissed with prejudice as untimely.  On February 21, 2013, this Court filed an order accepting the Report and Recommendation, and filed a Judgment denying the petition and dismissing the action with prejudice.

After reviewing the Petition filed in this case, on July 8, 2014 the Court issued an Order to Show Cause why the Petition should not be dismissed for failure to state a cognizable federal habeas claim, as untimely, and as impermissibly second or successive.  Petitioner responded to the Order to Show Cause on August 28, 2014.  The Court need not here address whether petitioner's claim of sentencing error is cognizable, or whether the Petition is untimely, because in any event the Petition is impermissibly successive.

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4 also authorizes dismissals on procedural grounds.  *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).  Here, the Petition must be dismissed because it is impermissibly successive.

As noted, in case number ED CV 12-1377-CAS (SP) this court dismissed with prejudice petitioner's prior petitioner challenging the same judgment challenged in this case because the prior petition was untimely.  A prior petition dismissed for failure to comply with the statute of limitations renders a subsequent petition challenging the same conviction second or successive for purposes of § 2244(b), and therefore subject to dismissal.  *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see* 28 U.S.C. § 2244(b).

Petitioner notes that he is currently appealing the dismissal of his prior petition in the Ninth Circuit.  But even if the Ninth Circuit reverses the dismissal of the prior petition and finds it to have been timely filed, the instant Petition would

still be subject to dismissal under §§ 2244(b)(2) and (b)(3).  Likewise, although petitioner argues that the Petition is not successive because he here claims sentencing error, whereas in the prior petition his claims attacked his convictions, his argument is contrary to § 2244(b)(2).

Under § 2244(b)(2), any claim raised in a successive petition but not presented in a prior petition must be dismissed unless:

(A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  If the petitioner meets either of the above exceptions, he must obtain an order by a panel of the appropriate Court of Appeals, authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, 561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

In his Petition, petitioner makes no showing that the claim he raises meets either of the exceptions in § 2244(b)(2).  He cites no new rule of constitutional law, and it is apparent that the factual predicate of the claim was known at the time of his sentencing in 2008 since he contends he raised the sentencing credit issue at the sentencing hearing.  Pet. Att. at 2.  In response to the Order to Show Cause,

1    petitioner argues that this claim did not come to light until he obtained the right

2    documentation, but at the same time he again asserts, and attaches a transcript

3    showing, that his attorney raised the matter at the February 28, 2008 sentencing

4    hearing.  OSC Resp. at 1-2, 6, Ex. B at 349.

5         Moreover, even if petitioner's claim falls under one of the § 2244(b)(2)

6    exceptions, the instant Petition would still be impermissibly successive because

7    there is no indication that petitioner obtained permission from the United States

8    Court of Appeals for the Ninth Circuit to file a successive petition, as required by

9    § 2244(b)(3)(A).  Petitioner does not contend otherwise in his response to the

10   Order to Show Cause, but instead maintains that, since he is now challenging his

11   sentence rather than his convictions as in the earlier petition, he did not need

12   permission from the Ninth Circuit to file this Petition.  OSC Resp. at 7-8.  The

13   Court disagrees.  Accordingly, at a minimum, the Petition is barred by

14   § 2244(b)(3).

15        IT IS THEREFORE ORDERED that Judgment be entered summarily

16   dismissing the Petition and this action without prejudice.

17

18   DATED: October 20, 2014

19   _____

20   HONORABLE CHRISTINA A. SNYDER
     UNITED STATES DISTRICT JUDGE

21

22   Presented by:

23

24   _____

25   SHERI PYM
     UNITED STATES MAGISTRATE JUDGE

26

27

28

4